OPINION OF THE COURT
Paul H. Blaustein, J.
Plaintiff and his wife brought this small claim to recover damages because her watch, given to defendant jewelry store to repair, was not returned. The watch is an expensive heirloom having a value of $500. Defendant had given the watch to an outside repair establishment without so telling plaintiff the watch would not be repaired on premises. There is no question but that the watch was stolen from this establishment.
It is now a well-settled rule that an ordinary bailee for hire is not an insurer against theft. No liability attaches to the bailee absent negligence (9 NY Jur 2d, Bailments and Chattel Leases, § 100 [“Theft”]) or unless misinformation is given as to the place of storage (id., § 82).
While neither negligence nor fraud have been established, a serious question of fact exists as to whether misinformation as to the place of storage was given by defendant. Here plaintiff, husband and wife, testified they were told that the watch would stay on defendant’s premises. Defendant produced the two witnesses who plaintiff thought might have made this representation, but they denied making any such statement. Plaintiff and his wife were consistent in alleging a misrepresentation, yet they were honest in admitting they were unable to identify the person making the statement.
*236 While the credibility issue is evenly balanced, the court believes that the defendant should have disclosed "the fact that the watch would not be repaired on premises. The failure to tell this to a consumer is, in my opinion, the legal equivalent of misrepresentation by omission. Robberies of expensive jewelry are more prevalent in today’s society. A consumer should, therefore, be told that an expensive piece of jewelry will not be repaired on premises so that an intelligent choice can be made whether or not the jeweler should be given possession under the circumstances.
This court is required to do substantial justice under the Small Claims Act (UCCA 1804) and therefore awards judgment for plaintiff of $500.